# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TERRY LEE FREEZE,**

    **Plaintiff,**

vs.                                          Case No. 4:19cv74-WS-CAS

**MIKE CARROLL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Terry Lee Freeze, proceeding pro se and with in forma pauperis status, had been required to file an amended complaint or, in the alternative, a notice of voluntary dismissal if he conceded his claim and request for relief was barred. ECF No. 7. Plaintiff did not comply but, instead, filed a motion for relief from judgment. ECF No. 8. That motion was construed as a motion for reconsideration, granted, and the prior Order reviewed. ECF No. 9. Finding no reason to vacate the first Order, ECF No. 7, Plaintiff was given more time in which to comply. ECF No. 9.

Instead of complying, Plaintiff filed a "motion objecting to a ruling or order" pursuant to Rule 46. ECF No. 10. Plaintiff's objection was referred

to the presiding District Judge, ECF No. 11, and Senior United States District Judge William Stafford denied Plaintiff's motion for lack of merit. ECF No. 12.

After entry of Judge Stafford's Order, another Order was entered providing Plaintiff with additional time in which to comply with the prior challenged orders. ECF No. 13. Plaintiff was directed to review the Order, ECF No. 7, which explained the deficiencies with his initial complaint, ECF No. 1, and several deficiencies were highlighted again for Plaintiff's benefit. ECF No. 13. Plaintiff was required to file an amended civil rights complaint no later than July 10, 2019, or file a notice of voluntary dismissal. *Id.*

Once again, Plaintiff did not comply. Instead, Plaintiff filed another "motion objecting to a ruling or order." ECF No. 14. Plaintiff complained that Judge Stafford's Order, ECF No. 12, was not attached to my last Order. ECF No. 14 at 1. However, the docket reveals that Judge Stafford's Order was entered on June 7, 2019, and mailed to Plaintiff at his address of record. Nothing on the docket suggests Plaintiff did not receive that Order or that it was returned to the Court as undeliverable. Because Judge Stafford's Order was mailed to Plaintiff, there was no reason to attach it to my Order. Beyond that, Plaintiff's motion quoted from prior

orders and he argued there was personal bias in advising Plaintiff of the law governing this case. ECF No. 14. The arguments were frivolous. Thus, because Plaintiff's motion for recusal was already denied and because the last Order entered, ECF No. 13, did nothing more than provide a deadline for Plaintiff to comply with the Order, ECF No. 11, upheld by Judge Stafford, ECF No. 12, Plaintiff's motion was construed as a motion for reconsideration and denied. ECF No. 15.

Plaintiff was given until **July 10, 2019**, to file an amended complaint which properly set forth a claim, clearly stated facts in support of that claim, and requested relief which could be granted in a civil rights action. ECF No. 15. Plaintiff was directed to review the March 19, 2019, Order for more detailed information, ECF No. 7, and he was cautioned that if he did not comply, a recommendation would be made to dismiss this case. ECF No. 15. Despite that warning, Plaintiff has not complied. It appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash

R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.